## LEVINE v. FOURTEENTH STREET BANK.

(Supreme Court, Appellate Term.   March 5, 1908.)

STIPULATIONS—CONSTRUCTION—EVIDENCE—AFFIDAVITS—ADMISSIBILITY.

Where, in an action against a bank by a depositor to recover money which he claims should stand to his credit, the parties rested with a stipulation that the bank might submit to the court deposit slips covering a certain period, the court subsequently improperly received and considered an affidavit of the bank's teller, who did not testify at the trial, explaining the bank's inability to produce the slips, giving important and material additional testimony in the bank's behalf, and going far beyond the scope contemplated by the stipulation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Stipulations, §§ 24–54.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Saul Levine against the Fourteenth Street Bank.  From a judgment for defendant, plaintiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Israel Ellis, for appellant.

PER CURIAM.  This action was brought to recover from the defendant certain sums of money the plaintiff claims should stand to his credit on defendant's books.  Defendant obtained judgment, and the plaintiff appeals.

One of the items in dispute was a check of $15, which defendant asserted was deposited by the plaintiff and turned out to be "no good," and the amount deducted from plaintiff's account.  Plaintiff denied the deposit of the check in question.  He was the only witness in support of his case.  Two employés of the defendant were called by the defendant and gave testimony tending to sustain the defendant's contention.  The following is the conclusion of the record of the trial:

"The Court:  Has your bank got the deposit slips made by this plaintiff on September 28th, September 24th, or even as far back as September 11th?

"Witness:  I believe so.

"Both sides rest, with the right to the defendant, with the plaintiff's consent, to submit to the court any deposit slips of the defendant made in September, by next Monday, September 30, 1907."

Pursuant to this stipulation, on October 1, 1907, the defendant submitted, and the court received, as appears by the record, an affidavit of one Harry Morgan, in the employ of defendant as note teller, explaining the inability to produce the deposit slips referred to in the stipulation, and giving important and material additional testimony in defendant's behalf.  Morgan had not been called upon the trial.  The contents of the affidavit went far beyond the scope contemplated by the stipulation, and its receipt and consideration constituted error that demands a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.